[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 24-12910

Non-Argument Calendar

_____

JONATHAN MARSHALL,

Plaintiff-Appellant,

*versus*

SECRETARY OF THE NAVY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 5:23-cv-00155-TKW-MJF

_____

Before GRANT, LAGOA, and WILSON, Circuit Judges.

PER CURIAM:

Jonathan Marshall appeals the district court's grant of summary judgment to the United States Secretary of the Navy on his Title VII gender-discrimination claim.  We affirm.

## I.

The Navy employed Marshall as a firefighter in Panama City, Florida from April 2019 to April 2022.  His job duties were "physically demanding" and thus "require[d] a physically able employee."  Tasks included lifting heavy objects, climbing ladders, and "above average agility and dexterity."

In May 2021, Marshall took three months' paternity leave. Before beginning his leave, Marshall's supervisor made several comments that men either do not deserve or do not qualify for paternity leave.  While on leave, Marshall was in a serious car accident and suffered a traumatic brain injury, a permanent back injury, and injuries to his shoulder and neck.

After his parental leave ended in August 2021, Marshall submitted a request for a reasonable accommodation.  He acknowledged that his injuries limited his ability "to work as a firefighter" and asked to be placed in a "career field in IT" or other light-duty position.  Marshall's request included a doctor's assessment that he could not "return to his current position without significant risk of harm to himself or others," and that "no

accommodations would remove the increased risk of injury or harm."

The Navy told Marshall that no accommodation would permit him "to perform the essential functions" of his job as a firefighter. But it conducted an expanded job search outside of Marshall's local commuting area to find positions for which he was qualified. During this period, Marshall was on paid and then unpaid leave.[1] Unable to find a suitable position to accommodate Marshall's disability, the Navy ultimately denied his request, and terminated his employment in April 2022.

Around that time, a transgender female firefighter and EMT named Emily Gray got injured. Employed by the Navy since 2008, Gray also served as a fire captain, a role that included additional administrative and clerical duties. After filing a successful workers' compensation claim, Gray was permitted to work in a temporary light-duty position, continuing to perform "the paperwork portion" of Gray's existing job as a captain. Gray did not file for reasonable accommodations under the Rehabilitation Act. With a doctor's clearance, Gray returned to full duty as a firefighter, EMT, and fire captain several months after the accident.

In June 2023, Marshall sued the Secretary of the Navy in his official capacity on multiple claims, including race, gender, and disability discrimination under Title VII. He also pleaded claims

---

[1] Though Marshall asserts that he was "never given back the leave time," it's undisputed that the Navy paid him retroactively for his time on unpaid leave.

under the Rehabilitation Act, the Family and Medical Leave Act, as well as the Federal Employee Paid Leave Act.

The district court granted the Secretary's motion to dismiss on all Marshall's claims apart from the gender-discrimination claim. Following discovery, the court granted the Secretary's motion for summary judgment because Marshall failed to create a triable issue of fact that the Navy discriminated against him based on his gender.

Marshall appealed.

## II.

We review a district court's grant of summary judgment de novo. *Anthony v. Georgia*, 69 F.4th 796, 804 (11th Cir. 2023). Summary judgment is appropriate if "there is no genuine dispute as to any material fact" such that the Secretary is "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

## III.

Title VII stipulates that all personnel actions involving federal-sector employees "shall be made free from any discrimination" based on sex. 42 U.S.C. § 2000e-16(a). We have explained that "free from any discrimination" means "personnel actions must be made in a way that is not tainted by differential treatment based on a protected characteristic." *Terrell v. Sec'y, Dep't of Veterans Affairs*, 98 F.4th 1343, 1351–52 (11th Cir. 2024) (quotation omitted). But-for causation is not required; instead, the federal-sector employee need only show that "a protected

characteristic played any part in [the] employer's process in reaching an adverse employment decision." *Buckley v. Sec'y of Army*, 97 F.4th 784, 794 (11th Cir. 2024) (emphasis deleted). Put simply, to survive summary judgment, Marshall must offer sufficient evidence that gender played a role in the Navy's denial of his accommodations request.

Marshall argues the district court erred in granting the Secretary's motion for summary judgment because he offered both a prima facie case and "convincing mosaic" of gender discrimination. *First*, he asserts that Gray was a proper comparator because the Navy offered a light-duty assignment following Gray's injury. *Second*, Marshall says that he proffered ample circumstantial evidence of discrimination, primarily based on his supervisor's comments about paternity leave.

We disagree. To begin, though Marshall was not required to offer comparators for his claim that gender "played any part" in the denial of his request, he adopted this strategy. *Id.* (emphasis deleted). For an employee to qualify as a comparator, he or she must be "similarly situated in all material respects." *Lewis v. City of Union City*, 918 F.3d 1213, 1224 (11th Cir. 2019) (en banc) (quotation omitted). That generally means the comparator will "(1) have engaged in the same basic conduct as the plaintiff; (2) have been subject to the same employment policy, guideline, or rule as the plaintiff; (3) have been under the jurisdiction of the same supervisor as the plaintiff; and (4) share the plaintiff's employment

or disciplinary history." *Phillips v. Legacy Cabinets*, 87 F.4th 1313, 1322 (11th Cir. 2023).

Gray does not fit the bill. For starters, Marshall and Gray worked different jobs. Marshall worked solely as a firefighter, while Gray also served as a fire captain, which entailed additional "administrative duties and paperwork." A fourteen-year Navy employee, Gray's light-duty assignment included the pre-existing "paperwork portion" of the captain job. Marshall, by contrast, did not perform administrative or clerical work as a firefighter. His request for transfer to a "career field in IT or non-related field" was less an ask for lighter duties than a request for permanent reassignment to a new position.

What's more, the severity of the two employees' injuries differed. Marshall suffered permanent injuries that made him, in the words of his own doctor, unable "to return to his current position without significant risk of harm to himself or others." Following the accident, Marshall could never again perform the demanding physical requirements of his job. On the other hand, Gray suffered temporary injuries that allowed the continuance of "regular administrative duties." Several months later, Gray resumed "full duties" as a firefighter and EMT. Because Marshall and Gray had materially different positions, job duties, and injuries, Gray was not a valid comparator. *See Rosado v. Sec'y, Dep't of the Navy*, 127 F.4th 858, 868 (11th Cir. 2025).

To be sure, Marshall's "failure to produce a comparator does not necessarily doom" his case. *Smith v. Lockheed-Martin Corp.*, 644

F.3d 1321, 1328 (11th Cir. 2011). Marshall can survive summary judgment by presenting "a convincing mosaic of circumstantial evidence that would allow a jury to infer intentional discrimination by the decisionmaker." *Id.* (quotation omitted). Even still, the "convincing mosaic approach is—in its entirety—the summary judgment standard." *McCreight v. AuburnBank*, 117 F.4th 1322, 1335 (11th Cir. 2024).

Marshall asserts that his supervisor's comments about it being "unfair" for men to take parental leave, his removal from a work shift "implemented in preparation for his child's birth," and his placement on unpaid parental leave show circumstantial evidence of discrimination. That is incorrect.

None of Marshall's proffered evidence creates a triable issue of fact that the Navy discriminated against him based on his gender. Marshall's supervisor's isolated comments expressing disapproval of men receiving parental leave is divorced from the Navy's decision to deny his light-duty request after he suffered traumatic injuries. That Marshall's schedule was readjusted following the birth of his child—the very reason for which the schedule change was adopted in the first place—also does not show impermissible discrimination. Finally, any discrepancy related to Marshall's removal from paid paternity leave occurred *after* his accident—that is, when he could no longer perform the essential functions of his job. And Marshall acknowledges that the Navy paid him back for the time he was on unpaid leave.

Instead, Marshall's own medical questionnaire recognized that following his accident, "no accommodations" would allow him to carry out the essential functions of firefighting. The Navy denied his request because Marshall could no longer meet the demands of his job, and there were no vacant positions for which Marshall was qualified. No reasonable jury could conclude that the Secretary's decision amounted to gender discrimination.[2]

★    ★    ★

We **AFFIRM**.

---

[2] Marshall fails to create a genuine issue of material fact on his gender-discrimination claim, so we need not address whether the Secretary's denial of his request for light-duty work constituted a "personnel action." 42 U.S.C. § 2000e-16(a); *see* 5 U.S.C. § 2302(a)(2)(A).